B6A (Official Form 6A) (12/07)

In re  **Jason L. Alexander**                                      Case No.  **09-38019-H1-13**
     **Laura L. Alexander**                                                      (if known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| HOMESTEAD LOCATED AT 23110 NEWGATE DR. SPRING, TEXAS 77373 | Owner/Purchaser | C | $70,140.00 | $73,728.00 |
| | | Total: | **$70,140.00** | |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Jason L. Alexander**                              Case No.  **09-38019-H1-13**
       **Laura L. Alexander**                                        (if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | CASH | C | $10.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | CHECKING ACCOUNT AT HALLIBURTON EMPLOYEE FEDERAL CREDIT UNION | C | $180.00 |
| | | CHECKING ACCOUNT AT HALLIBURTON EMPLOYEE FEDERAL CREDIT UNION | C | $0.91 |
| | | CHECKING ACCOUNT AT COMPASS BANK | C | $5.09 |
| | | SAVINGS ACCOUNT AT HALLIBURTON EMPLOYEE FEDERAL CREDIT UNION | C | $25.09 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | CHAIR | C | $100.00 |
| | | 5 TABLES | C | $60.00 |
| | | 2 SOFAS | C | $50.00 |
| | | 3 LAMPS | C | $30.00 |
| | | 3 PICTURES | C | $15.00 |
| | | CLOCK | C | $10.00 |
| | | TELEVISION | C | $100.00 |
| | | VCR/DVD PLAYER | C | $10.00 |
| | | 4 DINING ROOM CHAIRS AND TABLE | C | $20.00 |
| | | HUTCH | C | $15.00 |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Jason L. Alexander**                                    Case No.  <u>09-38019-H1-13</u>
       **Laura L. Alexander**                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | CHOST FREEZER | C | $75.00 |
| | | WASHER/DRYER | C | $100.00 |
| | | IRON WITH IRONING BOARD | C | $10.00 |
| | | MICROWAVE | C | $20.00 |
| | | REFRIGERATOR | C | $100.00 |
| | | DISHWASHER | C | $50.00 |
| | | STOVE/OVEN | C | $25.00 |
| | | KITCHEN APPLIANCES | C | $40.00 |
| | | UTINSELS | C | $0.00 |
| | | DISHES | C | $0.00 |
| | | POTS/PANS/COOKWARE | C | $0.00 |
| | | BED | C | $350.00 |
| | | DRESSER | C | $10.00 |
| | | 2 LAMPS | C | $10.00 |
| | | 2 NIGHTSTANDS | C | $10.00 |
| | | TELEVISION | C | $50.00 |
| | | BED | C | $30.00 |
| | | LAMP | C | $5.00 |
| | | TELEVISION | C | $10.00 |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Jason L. Alexander**                                        Case No.  __09-38019-H1-13__
       **Laura L. Alexander**                                                          (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | STEREO | C | $5.00 |
| | | TOYS | C | $50.00 |
| | | 2 BEDS | C | $200.00 |
| | | DRESSER | C | $10.00 |
| | | CHAIR | C | $5.00 |
| | | STEREO | C | $15.00 |
| | | TELEVISION | C | $15.00 |
| | | CHEST | C | $15.00 |
| | | SHEETS/COVERS/BLANKETS | C | $45.00 |
| | | LAWNMOWER | C | $50.00 |
| | | WEEDEATER | C | $20.00 |
| | | PATIO FURNITURE | C | $75.00 |
| | | VACUUM CLEANER | C | $20.00 |
| | | COMPUTER | C | $50.00 |
| | | PRINTER | C | $25.00 |
| | | FILE CABINETS | C | $15.00 |
| | | BOOKCASE | C | $5.00 |
| | | DESK WITH CHAIR | C | $45.00 |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Jason L. Alexander**                                                      Case No.  **09-38019-H1-13**
     **Laura L. Alexander**                                                                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | BOOKS | C | $50.00 |
| | | ANTIQUE GRANDFATHER CLOCK | C | $40.00 |
| | | TAPES, CDS, DVDS | C | $350.00 |
| 6. Wearing apparel. | | ADULT CLOTHING | C | $200.00 |
| | | CHILDREN'S CLOTHING | C | $150.00 |
| | | SHOES | C | $50.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | | CAMERA | C | $30.00 |
| | | CAMCORDER | C | $60.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Jason L. Alexander**                                    Case No.  **09-38019-H1-13**
      **Laura L. Alexander**                                            (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 4*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | | 401(K) PLAN.  THERE IS A $13,000.00 LOAN AGAINST THIS PLAN THAT WILL BE PAID OFF IN 7 YEARS. | C | $24,558.60 |
| 13. Stock and interests in incorpo-rated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Jason L. Alexander**                                      Case No.   **09-38019-H1-13**
       **Laura L. Alexander**                                                  (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 5*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 DODGE RAM 1500 TRUCK | C | $10,000.00 |
| | | 2003 FORD EXPLORER | C | $8,000.00 |
| | | 1992 YAMAHA XJ600S MOTORCYCLE | C | $1,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Jason L. Alexander**                      Case No.  **09-38019-H1-13**
      **Laura L. Alexander**                                        (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 6*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | 1 DOG AND 4 CATS | C | $5.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |
| | | | | |

                                             __6__ continuation sheets attached      **Total >**     **$46,684.69**
(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

B6C (Official Form 6C) (12/07)

In re  **Jason L. Alexander**                                       Case No.  <u>09-38019-H1-13</u>
      **Laura L. Alexander**                                                     (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                          $136,875.
☑  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| HOMESTEAD LOCATED AT 23110 NEWGATE DR. SPRING, TEXAS 77373 | 11 U.S.C. § 522(d)(1) | $0.00 | $70,140.00 |
| CASH | 11 U.S.C. § 522(d)(5) | $10.00 | $10.00 |
| CHECKING ACCOUNT AT HALLIBURTON EMPLOYEE FEDERAL CREDIT UNION | 11 U.S.C. § 522(d)(5) | $180.00 | $180.00 |
| CHECKING ACCOUNT AT HALLIBURTON EMPLOYEE FEDERAL CREDIT UNION | 11 U.S.C. § 522(d)(5) | $0.91 | $0.91 |
| CHECKING ACCOUNT AT COMPASS BANK | 11 U.S.C. § 522(d)(5) | $5.09 | $5.09 |
| SAVINGS ACCOUNT AT HALLIBURTON EMPLOYEE FEDERAL CREDIT UNION | 11 U.S.C. § 522(d)(5) | $25.09 | $25.09 |
| CHAIR | 11 U.S.C. § 522(d)(3) | $100.00 | $100.00 |
| 5 TABLES | 11 U.S.C. § 522(d)(3) | $60.00 | $60.00 |
| 2 SOFAS | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
| 3 LAMPS | 11 U.S.C. § 522(d)(3) | $30.00 | $30.00 |
| 3 PICTURES | 11 U.S.C. § 522(d)(3) | $15.00 | $15.00 |
| CLOCK | 11 U.S.C. § 522(d)(3) | $10.00 | $10.00 |
| TELEVISION | 11 U.S.C. § 522(d)(3) | $100.00 | $100.00 |
| | | **$586.09** | **$70,726.09** |

B6C (Official Form 6C) (12/07) -- Cont.

In re  **Jason L. Alexander**          Case No.  **09-38019-H1-13**
     **Laura L. Alexander**                         (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 1*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| VCR/DVD PLAYER | 11 U.S.C. § 522(d)(3) | $10.00 | $10.00 |
| 4 DINING ROOM CHAIRS AND TABLE | 11 U.S.C. § 522(d)(3) | $20.00 | $20.00 |
| HUTCH | 11 U.S.C. § 522(d)(3) | $15.00 | $15.00 |
| CHOST FREEZER | 11 U.S.C. § 522(d)(3) | $75.00 | $75.00 |
| WASHER/DRYER | 11 U.S.C. § 522(d)(3) | $100.00 | $100.00 |
| IRON WITH IRONING BOARD | 11 U.S.C. § 522(d)(3) | $10.00 | $10.00 |
| MICROWAVE | 11 U.S.C. § 522(d)(3) | $20.00 | $20.00 |
| REFRIGERATOR | 11 U.S.C. § 522(d)(3) | $100.00 | $100.00 |
| DISHWASHER | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
| STOVE/OVEN | 11 U.S.C. § 522(d)(3) | $25.00 | $25.00 |
| KITCHEN APPLIANCES | 11 U.S.C. § 522(d)(3) | $40.00 | $40.00 |
| UTINSELS | 11 U.S.C. § 522(d)(3) | $0.00 | $0.00 |
| DISHES | 11 U.S.C. § 522(d)(3) | $0.00 | $0.00 |
| POTS/PANS/COOKWARE | 11 U.S.C. § 522(d)(3) | $0.00 | $0.00 |
| BED | 11 U.S.C. § 522(d)(3) | $350.00 | $350.00 |
| DRESSER | 11 U.S.C. § 522(d)(3) | $10.00 | $10.00 |
| 2 LAMPS | 11 U.S.C. § 522(d)(3) | $10.00 | $10.00 |
| 2 NIGHTSTANDS | 11 U.S.C. § 522(d)(3) | $10.00 | $10.00 |
| TELEVISION | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
|  |  | **$1,481.09** | **$71,621.09** |

B6C (Official Form 6C) (12/07) -- Cont.

In re  **Jason L. Alexander**                                     Case No.   **09-38019-H1-13**
       **Laura L. Alexander**                                                    (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 2*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| BED | 11 U.S.C. § 522(d)(3) | $30.00 | $30.00 |
| LAMP | 11 U.S.C. § 522(d)(3) | $5.00 | $5.00 |
| TELEVISION | 11 U.S.C. § 522(d)(3) | $10.00 | $10.00 |
| STEREO | 11 U.S.C. § 522(d)(3) | $5.00 | $5.00 |
| TOYS | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
| 2 BEDS | 11 U.S.C. § 522(d)(3) | $200.00 | $200.00 |
| DRESSER | 11 U.S.C. § 522(d)(3) | $10.00 | $10.00 |
| CHAIR | 11 U.S.C. § 522(d)(3) | $5.00 | $5.00 |
| STEREO | 11 U.S.C. § 522(d)(3) | $15.00 | $15.00 |
| TELEVISION | 11 U.S.C. § 522(d)(3) | $15.00 | $15.00 |
| CHEST | 11 U.S.C. § 522(d)(3) | $15.00 | $15.00 |
| SHEETS/COVERS/BLANKETS | 11 U.S.C. § 522(d)(3) | $45.00 | $45.00 |
| LAWNMOWER | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
| WEEDEATER | 11 U.S.C. § 522(d)(3) | $20.00 | $20.00 |
| PATIO FURNITURE | 11 U.S.C. § 522(d)(3) | $75.00 | $75.00 |
| VACUUM CLEANER | 11 U.S.C. § 522(d)(3) | $20.00 | $20.00 |
| COMPUTER | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
| PRINTER | 11 U.S.C. § 522(d)(3) | $25.00 | $25.00 |
| FILE CABINETS | 11 U.S.C. § 522(d)(3) | $15.00 | $15.00 |
| | | **$2,141.09** | **$72,281.09** |

B6C (Official Form 6C) (12/07) -- Cont.

In re  **Jason L. Alexander**          Case No.  **09-38019-H1-13**
     **Laura L. Alexander**                                       (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 3*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| BOOKCASE | 11 U.S.C. § 522(d)(3) | $5.00 | $5.00 |
| DESK WITH CHAIR | 11 U.S.C. § 522(d)(3) | $45.00 | $45.00 |
| BOOKS | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
| ANTIQUE GRANDFATHER CLOCK | 11 U.S.C. § 522(d)(3) | $40.00 | $40.00 |
| TAPES, CDS, DVDS | 11 U.S.C. § 522(d)(3) | $350.00 | $350.00 |
| ADULT CLOTHING | 11 U.S.C. § 522(d)(3) | $200.00 | $200.00 |
| CHILDREN'S CLOTHING | 11 U.S.C. § 522(d)(3) | $150.00 | $150.00 |
| SHOES | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
| CAMERA | 11 U.S.C. § 522(d)(3) | $30.00 | $30.00 |
| CAMCORDER | 11 U.S.C. § 522(d)(3) | $60.00 | $60.00 |
| 401(K) PLAN.  THERE IS A $13,000.00 LOAN AGAINST THIS PLAN THAT WILL BE PAID OFF IN 7 YEARS. | 11 U.S.C. § 522(d)(10)(E) | $24,558.60 | $24,558.60 |
| 2006 DODGE RAM 1500 TRUCK | 11 U.S.C. § 522(d)(2) | $0.00 | $10,000.00 |
| 2003 FORD EXPLORER | 11 U.S.C. § 522(d)(2) | $0.00 | $8,000.00 |
| 1992 YAMAHA XJ600S MOTORCYCLE | 11 U.S.C. § 522(d)(5) | $1,000.00 | $1,000.00 |
| 1 DOG AND 4 CATS | 11 U.S.C. § 522(d)(3) | $5.00 | $5.00 |
| | | **$28,684.69** | **$116,824.69** |

B6D (Official Form 6D) (12/07)

In re  **Jason L. Alexander**                                      Case No.  **09-38019-H1-13**
       **Laura L. Alexander**                                                                                (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: **xxxxx6537**<br><br>**Americredit**<br>**801 Cherry St 3900**<br>**Fort Worth, TX 76102** | | C | DATE INCURRED:  **02/2008**<br>NATURE OF LIEN:<br>**Automobile**<br>COLLATERAL:<br>**2006 DODGE RAM 1500 TRUCK**<br>REMARKS:<br><br>VALUE:  **$10,000.00** | | | | $19,517.54 | $9,517.54 |
| ACCT #:<br><br>**Birnamwood-Fairfax HOA**<br>**12603 Louetta Road, Suite 101**<br>**Cypress, Texas 77429-5136** | | C | DATE INCURRED:<br>NATURE OF LIEN:<br>**Maintenance Fees**<br>COLLATERAL:<br>**Homestead**<br>REMARKS:<br><br>VALUE:  **$70,140.00** | | | | $2,000.00 | |
| ACCT #: **xxx7251**<br><br>**CarMax**<br>**Attn: Bankruptcy**<br>**PO Box 440609**<br>**Kennesaw, GA 30160** | | C | DATE INCURRED:  **07/01/2006**<br>NATURE OF LIEN:<br>**Automobile**<br>COLLATERAL:<br>**2003 FORD EXPLORER**<br>REMARKS:<br><br>VALUE:  **$8,000.00** | | | | $11,279.00 | $3,279.00 |
| ACCT #: **xxxxxxxxx1078**<br><br>**Chase Manhattan Mortgage**<br>**Attention:  Research Dept. G7-PP**<br>**3415 Vision Drive**<br>**Columbus, OH 43219** | | C | DATE INCURRED:  **04/14/2003**<br>NATURE OF LIEN:<br>**FHA Real Estate Mortgage**<br>COLLATERAL:<br>**HOMESTEAD**<br>REMARKS:<br><br>VALUE:  **$70,140.00** | | | | $71,728.00 | $1,588.00 |

Subtotal (Total of this Page) >  |  **$104,524.54**  |  **$14,384.54**
Total (Use only on last page) >  |  |

_____**1**_____ continuation sheets attached

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07) - Cont.

In re  **Jason L. Alexander**                                    Case No.  **09-38019-H1-13**
       **Laura L. Alexander**                                                    (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxxxxx1078<br><br>**Chase Manhattan Mortgage Attention:  Research Dept. G7-PP 3415 Vision Drive Columbus, OH 43219** | | C | DATE INCURRED:  **Various**<br>NATURE OF LIEN:<br>**Mortgage arrears**<br>COLLATERAL:<br>**HOMESTEAD**<br>REMARKS:<br><br>VALUE:  **$70,140.00** | | | | **$5,000.00** | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Sheet no. _____1_____ of _____1_____ continuation sheets attached
to Schedule of Creditors Holding Secured Claims

| | |
|---|---|
| Subtotal (Total of this Page) > | **$5,000.00** |
| Total (Use only on last page) > | **$109,524.54** |

| | |
|---|---|
| **$0.00** | |
| **$14,384.54** | |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (12/07)

In re  **Jason L. Alexander**                                   Case No.   **09-38019-H1-13**
      **Laura L. Alexander**                                                   (If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐  **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐  **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☑  **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____**2**_____continuation sheets attached

B6E (Official Form 6E) (12/07) - Cont.

In re   **Jason L. Alexander**                                         Case No.   **09-38019-H1-13**
        **Laura L. Alexander**                                                        (If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Taxes and Certain Other Debts Owed to Governmental Units |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCT #: **xxx8335**<br>**Attorney General Child Support**<br>**Attn: Bankruptcy**<br>**PO Box 12017 Credit Group**<br>**Austin, TX 78711** | | C | DATE INCURRED:   **02/2006**<br>CONSIDERATION:<br>**Child Support**<br>REMARKS: | | | | **$8,628.00** | **$8,628.00** | **$0.00** |
| ACCT #:<br>**Internal Revenue Service**<br>**P.O. Box 21126**<br>**Philadelphia, PA 19114** | | C | DATE INCURRED:   **2003**<br>CONSIDERATION:<br>**Taxes**<br>REMARKS: | | | | **$1,157.91** | **$1,157.91** | **$0.00** |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. _____**1**_____ of _____**2**_____ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals (Totals of this page) > | **$9,785.91** | **$9,785.91** | **$0.00** |
| Total ><br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | | | |
| Totals ><br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | | |

B6E (Official Form 6E) (12/07) - Cont.

In re  **Jason L. Alexander**                                                    Case No.   **09-38019-H1-13**
      **Laura L. Alexander**                                                    (If Known)

### SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Administrative allowances |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCT #:<br>**KEMSLEY LAW FIRM**<br>P.O. Box 12035<br>Spring, Texas 77391 | C | | DATE INCURRED: **10/26/2009**<br>CONSIDERATION:<br>**Attorney Fees**<br>REMARKS: | | | | $1,898.00 | $1,898.00 | $0.00 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. ___**2**___ of ___**2**___ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals (Totals of this page) > | $1,898.00 | $1,898.00 | $0.00 |

**Total >** $11,683.91
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)

**Totals >** $11,683.91   $0.00
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07)

In re **Jason L. Alexander**                                    Case No. **09-38019-H1-13**
     **Laura L. Alexander**                                                (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**ACMI**<br>**Attn:  Birnamwood Fairfax HOA**<br>**12603 Louetta Road, Suite 101**<br>**Cypress, Texas 77429-5136** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  **xxxxA000**<br>**Adonai Psychological Services**<br>**Kevin J. Schloneger, PHD**<br>**20615 Nannette Lane**<br>**Spring, Texas 77388** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Medical/Dental**<br>REMARKS: | | | | **$125.00** |
| ACCT #:  **xxxxxx3692**<br>**Afni, Inc.**<br>**Attn: DP Recovery Support**<br>**PO Box 3427**<br>**Bloomington, IL 61702** | | C | DATE INCURRED:  **01/2009**<br>CONSIDERATION:<br>**Factoring Company Account**<br>REMARKS: | | | X | **$1,200.00** |
| ACCT #:  **xxxxxx6878**<br>**Afni, Inc.**<br>**Attn: DP Recovery Support**<br>**PO Box 3427**<br>**Bloomington, IL 61702** | | C | DATE INCURRED:  **05/2006**<br>CONSIDERATION:<br>**Factoring Company Account**<br>REMARKS: | | | | **$752.00** |
| ACCT #:  **xxxxxxx92-02**<br>**AFNI, Inc.**<br>**404 Brock Drive**<br>**Bloomington, IL 61702-3427** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - T-Mobile**<br>REMARKS: | | | | **$1,200.37** |
| ACCT #:  **xxx0714**<br>**Amsher Collection Serv**<br>**600 Beacon Pkwy W Ste 30**<br>**Birmingham, AL 35209** | | C | DATE INCURRED:  **09/2007**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS: | | | | **$304.00** |
| | | | | | Subtotal > | | **$3,581.37** |

    **7**    continuation sheets attached

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Jason L. Alexander**                                       Case No.   **09-38019-H1-13**
       **Laura L. Alexander**                                                        (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: **xxxx4943**<br>**Asset Acceptance**<br>PO Box 2036<br>Warren, MI 48090 | C | | DATE INCURRED:  **05/2008**<br>CONSIDERATION:<br>**Factoring Company Account**<br>REMARKS: | | | | $379.00 |
| ACCT #: **xxxxx2740**<br>**At&tconsvc**<br>At&t Credit Manage<br>Murray, UT 84157 | C | | DATE INCURRED:  **11/29/2004**<br>CONSIDERATION:<br>**Unknown Loan Type**<br>REMARKS: | | | | $80.00 |
| ACCT #:<br>**Brian D. Williams**<br>Attorney at Law<br>5519 Louetta Road, Suite B<br>Houston, Texas 77379 | C | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | Notice Only |
| ACCT #: **xxxxx6007**<br>**Central Financial Control**<br>Attn: Bankruptcy<br>PO Box 66044<br>Anaheim, CA 92816 | C | | DATE INCURRED:  **06/2009**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS: | | | | $1,034.00 |
| ACCT #:<br>**Central Financial Control**<br>PO Box 66044<br>Anaheim, CA 92816-6044 | C | | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Houston  Northwest Medical Center**<br>REMARKS: | | | | Notice Only |
| ACCT #:  **x0473**<br>**Centrix Financial**<br>PO Box 17669<br>Denver, CO 80217-0669 | C | | DATE INCURRED:<br>CONSIDERATION:<br>**Credit**<br>REMARKS: | | | | $4,290.00 |

Sheet no.  **1**  of  **7**  continuation sheets attached to                                   Subtotal >   | $5,783.00 |
Schedule of Creditors Holding Unsecured Nonpriority Claims

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re **Jason L. Alexander**  Case No. **09-38019-H1-13**
**Laura L. Alexander**

(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: **xxx7301**<br>**Centrix Resource Syste**<br>**6782 Potomac St**<br>**Centennial, CO 80112** | | C | DATE INCURRED: **10/31/2003**<br>CONSIDERATION:<br>**Repossession**<br>REMARKS: | | | | $4,290.00 |
| ACCT #: **xxxxxxx1000**<br>**Chase Na** | | C | DATE INCURRED: **12/01/2002**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $3,194.00 |
| ACCT #: **xxxxx2357**<br>**Conroe Regional Medical Center**<br>**PO Box 538658**<br>**Atlanta, GA 30353** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Medical/Dental**<br>REMARKS: | | | | $105.44 |
| ACCT #: **xx5316**<br>**Cypress Creek EMS**<br>**PO Box 3154**<br>**Houston, Texas 77253-3154** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Medical/Dental**<br>REMARKS: | | | | $202.60 |
| ACCT #:<br>**Elliot Heiniein & Jones, P.C.**<br>**PO Box 1446**<br>**Crosby, Texas 77532** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Fees**<br>REMARKS: | | | | $5,786.00 |
| ACCT #: **xxxxx4941**<br>**Farmers Svgs** | | C | DATE INCURRED: **02/03/2003**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | $1,038.00 |

Sheet no. **2** of **7** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal > $14,616.04

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re **Jason L. Alexander**                                    Case No.   **09-38019-H1-13**
      **Laura L. Alexander**                                                        (if known)

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxxxxx4942**<br>**Farmers Svgs** | | C | DATE INCURRED:  **02/03/2003**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | **$610.00** |
| ACCT #:  **xxxx0919**<br>**Harvard Collection Services, Inc.**<br>**4839 N. Elston Avenue**<br>**Chicago, IL 60630-2534** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for -Sprint**<br>REMARKS: | | | X | **$1,248.64** |
| ACCT #:  **xxxxxx-xx6001**<br>**Harvest Associates, Inc.**<br>**1010 Spring Cypress Rd., Box 138**<br>**Spring, Texas 77373-2503** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Houston Northwest Emerg.**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  **xxxxx4782**<br>**Houston Northwest Emergency Specialist**<br>**PO Box 202287**<br>**Dallas, Texas 75320-2287** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Medical/Dental**<br>REMARKS: | | | | **$130.00** |
| ACCT #:  **xxxxx8541**<br>**Houston Northwest Medical Center**<br>**File #849782**<br>**Dallas, Texas 75284-9782** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Medical/Dental**<br>REMARKS: | | | | **$1,034.71** |
| ACCT #:  **xxxx59A1**<br>**Hudson & Keyse Llc**<br>**382 Blackbrook Rd**<br>**Painesville, OH 44077** | | C | DATE INCURRED:  **12/2005**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS: | | | | **Notice Only** |

Sheet no.  ___**3**___  of  ___**7**___  continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >   **$3,023.35**

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Jason L. Alexander**                                      Case No.   **09-38019-H1-13**
      **Laura L. Alexander**                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxx9591**<br>**Hudson Keyse**<br>**382 Blackrock Rd**<br>**Painesville, OH 44077** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Unknown Loan Type**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  **xxxxxxxx7500**<br>**Memorial Hermann Hospital**<br>**PO Box 203197**<br>**Houston, Texas 77216-3197** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Medical**<br>REMARKS: | | | | **$1,000.43** |
| ACCT #:<br>**Michael R. O'Neal**<br>**12841 Jones Road, Suite 150**<br>**Houston, Texas 77070** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS:<br>**Attorney for Birnamwood Fairfax HOA** | | | | **Notice Only** |
| ACCT #:  **xxxx3092**<br>**Nco Fin/09**<br>**507 Prudential Rd**<br>**Horsham, PA 19044** | | C | DATE INCURRED:  **01/2009**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS: | | | | **$224.00** |
| ACCT #:  **xxxxxxx0761**<br>**NCO Financial**<br>**507 Prudential Road**<br>**Horsham, PA 19044** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Reliant Energy**<br>REMARKS: | | | | **$223.78** |
| ACCT #:  **xxx6443**<br>**NCO Financial Systems**<br>**507 Prudential Rd**<br>**Horsham, PA 19044** | | C | DATE INCURRED:  **07/2005**<br>CONSIDERATION:<br>**Factoring Company Account**<br>REMARKS: | | | | **$177.00** |

Sheet no. ___**4**___ of ___**7**___ continuation sheets attached to                                      Subtotal >     **$1,625.21**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                      Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Jason L. Alexander**                                        Case No.  **09-38019-H1-13**
   **Laura L. Alexander**                                                        (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xx4001**<br>**Partners Col**<br>**403 Axminister**<br>**Fenton, MO 63026** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Unknown Loan Type**<br>REMARKS: | | | | **$644.00** |
| ACCT #:<br>**Peak 5**<br>**6782 S. Potomac St.**<br>**Englewood, CO 80112** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Centrix Financial**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**Service Receivables Management**<br>**3859 Battleground Ave., Suite 303**<br>**Greensboro, NC 27410** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Sprint**<br>REMARKS: | | | X | **$177.11** |
| ACCT #:  **xxx8037**<br>**TeleRecovery**<br>**PO Box 641090**<br>**Kenner, LA 70064-1090** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - West Calcasieu Cameron Hospital**<br>REMARKS: | | | | **$44.99** |
| ACCT #:  **x6435**<br>**Treaschwig Veternary Clinic**<br>**22732 Cypresswood Drive**<br>**Spring, Texas 77373** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Medical/Dental**<br>REMARKS: | | | | **$94.50** |
| ACCT #:  **xxxxxxxxxxxx0001**<br>**Wells Fargo**<br>**Attn: Collection Servicing, 1st Floor, M**<br>**1 Home Campus**<br>**Des Moines, IA 50328** | | C | DATE INCURRED:  **01/03/2006**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | **$3,471.00** |

Sheet no. _____**5**_____ of _____**7**_____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

                  Subtotal >   **$4,431.60**

                      Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Jason L. Alexander**                                    Case No.   **09-38019-H1-13**
      **Laura L. Alexander**                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxxxxxxxxxxx0003<br>**Wells Fargo**<br>**Attn: Collection Servicing, 1st Floor, M**<br>**1 Home Campus**<br>**Des Moines, IA 50328** | | C | DATE INCURRED:  **02/13/2006**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | **$2,325.00** |
| ACCT #:  xxxxxxxxxxxx0002<br>**Wells Fargo**<br>**Attn: Collection Servicing, 1st Floor, M**<br>**1 Home Campus**<br>**Des Moines, IA 50328** | | C | DATE INCURRED:  **01/03/2006**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | **$2,122.00** |
| ACCT #:  xxxxxxxxxxxx0004<br>**Wells Fargo**<br>**Attn: Collection Servicing, 1st Floor, M**<br>**1 Home Campus**<br>**Des Moines, IA 50328** | | C | DATE INCURRED:  **02/15/2006**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | **$865.00** |
| ACCT #:  xxx1050<br>**West Asset**<br>**Attn: Bankruptcy**<br>**P.O. box 105478**<br>**Atlanta, GA 30348** | | C | DATE INCURRED:  **11/2008**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS: | | | | **$105.00** |
| ACCT #:  xxxxxx2357<br>**West Asset Management**<br>**PO Box 790113**<br>**St. Louis, MO 63179-0113** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Conroe Regional**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xxxxxx5536<br>**West Calcasieu Cameron Hospital**<br>**PO Box 2509**<br>**Sulphur, LA 70664-2509** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Medical/Dental**<br>REMARKS: | | | | **$152.08** |

Sheet no. ___**6**___ of ___**7**___ continuation sheets attached to                                    Subtotal >          **$5,569.08**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                   Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Jason L. Alexander**                                    Case No.   **09-38019-H1-13**
       **Laura L. Alexander**                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: <br> **Internal Revenue Service** <br> **P.O. Box 21126** <br> **Philadelphia, PA 19114** | | | DATE INCURRED: <br> CONSIDERATION: <br> **Required Notification** <br> REMARKS: | | | | |
| ACCT #: <br> **United States Trustee** <br> **515 Rusk Street, Room 3516** <br> **Houston, Texas 77002** | | | DATE INCURRED: <br> CONSIDERATION: <br> **Required Notification** <br> REMARKS: | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. ___7___ of ___7___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

|  |  |
|---|---|
| Subtotal > | $0.00 |
| Total > | $38,629.65 |

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the**
**Statistical Summary of Certain Liabilities and Related Data.)**

B6G (Official Form 6G) (12/07)

In re  **Jason L. Alexander**                                           Case No.  **09-38019-H1-13**
      **Laura L. Alexander**                                                        (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to
one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a
minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

B6H (Official Form 6H) (12/07)

In re  **Jason L. Alexander**                                          Case No.   **09-38019-H1-13**
     **Laura L. Alexander**                                                               (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

B6I (Official Form 6I) (12/07)

In re  **Jason L. Alexander**                                      Case No.   **09-38019-H1-13**
         **Laura L. Alexander**                                                        (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | |
|---|---|---|---|
| **Married** | Relationship(s): Daughter<br>Daughter | Age(s): 11<br>5 | Relationship(s):                        Age(s): |

| **Employment:** | Debtor | Spouse |
|---|---|---|
| Occupation | Driver | Proposal Specialist |
| Name of Employer | Spring Transportation & Reconditioning | Halliburton |
| How Long Employed | 4 months | 14 years |
| Address of Employer | 20816 Sunshine Lane<br>Spring, Texas 77338 | 3000 N. Sam Houston Parkway East<br>Houston, Texas 77032 |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | **DEBTOR** | **SPOUSE** |
|---|---|---|
| 1.   Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $2,799.58 | $3,683.26 |
| 2.   Estimate monthly overtime | $0.00 | $0.00 |
| 3.   SUBTOTAL | **$2,799.58** | **$3,683.26** |
| 4.   LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes (includes social security tax if b. is zero) | $155.62 | $119.38 |
| b. Social Security Tax | $198.40 | $211.42 |
| c. Medicare | $46.40 | $49.44 |
| d. Insurance | $0.00 | $98.04 |
| e. Union dues | $0.00 | $0.00 |
| f. Retirement _____ / 401(k) | $0.00 | $147.34 |
| g. Other (Specify) _____ / 401(k) Loan | $0.00 | $270.68 |
| h. Other (Specify) _____ / Life Insurance | $0.00 | $17.96 |
| i. Other (Specify) _____ / Disability Ins. | $0.00 | $8.68 |
| j. Other (Specify) _____ / Health Savings | $0.00 | $166.68 |
| k. Other (Specify) _____ | $0.00 | $0.00 |
| 5.   SUBTOTAL OF PAYROLL DEDUCTIONS | **$400.42** | **$1,089.62** |
| 6.   TOTAL NET MONTHLY TAKE HOME PAY | **$2,399.16** | **$2,593.64** |
| 7.   Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | $0.00 |
| 8.   Income from real property | $0.00 | $0.00 |
| 9.   Interest and dividends | $0.00 | $0.00 |
| 10.  Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $450.00 |
| 11.  Social security or government assistance (Specify): _____ | $0.00 | $0.00 |
| 12.  Pension or retirement income | $0.00 | $0.00 |
| 13.  Other monthly income (Specify): | | |
| a. _____ | $0.00 | $0.00 |
| b. _____ | $0.00 | $0.00 |
| c. _____ | $0.00 | $0.00 |
| 14.  SUBTOTAL OF LINES 7 THROUGH 13 | **$0.00** | **$450.00** |
| 15.  AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$2,399.16** | **$3,043.64** |
| 16.  COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | **$5,442.80** | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

B6J (Official Form 6J) (12/07)

IN RE:   **Jason L. Alexander**                                    Case No.   **09-38019-H1-13**
        **Laura L. Alexander**                                              (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | |
|    a. Are real estate taxes included?      ☑ Yes      ☐ No | |
|    b. Is property insurance included?       ☑ Yes      ☐ No | |
| 2. Utilities:   a. Electricity and heating fuel | $305.00 |
|               b. Water and sewer | $41.00 |
|               c. Telephone | $0.00 |
|               d. Other:   Cable TV | $135.91 |
| 3. Home maintenance (repairs and upkeep) | $75.00 |
| 4. Food | $781.00 |
| 5. Clothing | $50.00 |
| 6. Laundry and dry cleaning | $23.00 |
| 7. Medical and dental expenses | $450.00 |
| 8. Transportation (not including car payments) | $350.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $100.00 |
| 10. Charitable contributions | $260.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|           a. Homeowner's or renter's | |
|           b. Life | |
|           c. Health | |
|           d. Auto | $209.92 |
|           e. Other:   Motorcycle Insurance | $30.89 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|           a. Auto: | |
|           b. Other: | |
|           c. Other: | |
|           d. Other: | |
| 14. Alimony, maintenance, and support paid to others:     Child Support | $250.00 |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17.a. Other:  See attached personal expenses | $655.75 |
| 17.b. Other: | |
| <span style="background-color:yellow">18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)</span> | <span style="background-color:yellow">**$3,717.47**</span> |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  **None.** | |
| 20. STATEMENT OF MONTHLY NET INCOME | |
| a. Average monthly income from Line 15 of Schedule I | $5,442.80 |
| b. Average monthly expenses from Line 18 above | $3,717.47 |
| c. Monthly net income (a. minus b.) | $1,725.33 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Jason L. Alexander**                         CASE NO    **09-38019-H1-13**
         **Laura L. Alexander**

                                                        CHAPTER    **13**

## EXHIBIT TO SCHEDULE J

### Itemized Personal Expenses

| Expense | Amount |
|---|---|
| Cell Phone | $179.75 |
| School Lunches | $50.00 |
| Eye Care Expenses | $25.00 |
| Psychiatrist/Therapist | $35.00 |
| Daycare / Babysitting | $296.00 |
| School Projects/Activities | $10.00 |
| Pet Care | $20.00 |
| HCTRA | $40.00 |
| **Total >** | **$655.75** |

B6 Summary (Official Form 6 - Summary) (12/07)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re  **Jason L. Alexander**                                    Case No.    **09-38019-H1-13**
      **Laura L. Alexander**

                                                   Chapter       **13**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $70,140.00 | | |
| B - Personal Property | Yes | 7 | $46,684.69 | | |
| C - Property Claimed as Exempt | Yes | 4 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $109,524.54 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | $11,683.91 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | $38,629.65 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $5,442.80 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $3,717.47 |
| TOTAL | | 30 | $116,824.69 | $159,838.10 | |

Form 6 - Statistical Summary (12/07)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

In re  **Jason L. Alexander**          Case No.   **09-38019-H1-13**
    **Laura L. Alexander**

                                                    Chapter    **13**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $9,785.91 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| **TOTAL** | $9,785.91 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $5,442.80 |
| Average Expenses (from Schedule J, Line 18) | $3,717.47 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $6,094.18 |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $14,384.54 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $11,683.91 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4.  Total from Schedule F | | $38,629.65 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $53,014.19 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **Jason L. Alexander**                                    Case No.  **09-38019-H1-13**
       **Laura L. Alexander**                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **32** _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date  **11/10/2009**                               Signature  **/s/ Jason L. Alexander**
                                                              **Jason L. Alexander**


Date  **11/10/2009**                               Signature  **/s/ Laura L. Alexander**
                                                              **Laura L. Alexander**

                                                   [If joint case, both spouses must sign.]

---

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

B7 (Official Form 7) (12/07)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re:   **Jason L. Alexander**                                                  Case No.   **09-38019-H1-13**
         **Laura L. Alexander**                                                                  (if known)

# STATEMENT OF FINANCIAL AFFAIRS

---

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$86,348.00** | **2007 ANNUAL EMPLOYMENT INCOME** |
| **$68,317.00** | **2008 ANNUAL EMPLOYMENT INCOME** |
| **$7,257.00** | **2008 BUSINESS INCOME** |
| **$45,356.71** | **2009 YTD EMPLOYMENT INCOME** |

---

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$2,700.00** | **2007 CHILD SUPPORT** |
| **$4,050.00** | **2008 CHILD SUPPORT** |
| **$4,500.00** | **2009 YTD CHILD SUPPORT** |

---

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☐

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Chase Manhattan Mortgage**<br>**Attention:  Research Dept. G7-PP**<br>**3415 Vision Drive**<br>**Columbus, OH 43219** | **10/1/09** | **$761.69** | **$71,728.00** |
| **Americredit**<br>**801 Cherry St 3900**<br>**Fort Worth, TX 76102** | **11/2/09,**<br>**10/16/09, 9/8/09** | **$1,218.58** | **$19,517.54** |
| **CarMax**<br>**Attn: Bankruptcy**<br>**PO Box 440609**<br>**Kennesaw, GA 30160** | **10/19/09**<br>**10/13/09**<br>**8/17/09** | **$1,223.76** | **$11,279.00** |

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re:   **Jason L. Alexander**                                    Case No.   **09-38019-H1-13**
         **Laura L. Alexander**                                                (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 1*

---

None
☑   b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑   c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☑   a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑   b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 5. Repossessions, foreclosures and returns

None
☑   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 6. Assignments and receiverships

None
☑   a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑   b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 7. Gifts

None
☐   List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Northwoods Baptist Church** | **None** | **Various times throughout year** | **$3120.00** |

---

### 8. Losses

None
☑   List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re:  **Jason L. Alexander**                                    Case No.   **09-38019-H1-13**
           **Laura L. Alexander**                                                          (if known)

## STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

---

None

□

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **KEMSLEY LAW FIRM** P.O. Box 12035 Spring, Texas 77391 | **10/23/2009** | **$1,500.00** |

---

None

☑

**10. Other transfers**

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None

☑

b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

None

☑

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None

☑

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None

☑

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None

☑

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

---

None

☑

**15. Prior address of debtor**

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re:   **Jason L. Alexander**                                    Case No.   **09-38019-H1-13**
            **Laura L. Alexander**                                                                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

### 16. Spouses and Former Spouses

None ☐

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**NAME**

**Kimberly Canady (divorced 2002)**

---

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

### 18. Nature, location and name of business

None ☑

a.  If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

---

None ☑

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

In re:   **Jason L. Alexander**                                                    Case No.   **09-38019-H1-13**
         **Laura L. Alexander**                                                                          (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 4*

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

---

### 19. Books, records and financial statements

None
☑  a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

---

None
☑  b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None
☑  c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

---

None
☑  d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

---

### 20. Inventories

None
☑  a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None
☑  b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

### 21. Current Partners, Officers, Directors and Shareholders

None
☑  a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None
☑  b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

### 22. Former partners, officers, directors and shareholders

None
☑  a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

---

None
☑  b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re:   **Jason L. Alexander**                                                   Case No.   **09-38019-H1-13**
         **Laura L. Alexander**                                                                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 5*

---

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

**24. Tax Consolidation Group**

None ☑

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

---

**25. Pension Funds**

None ☑

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re:  **Jason L. Alexander**                                      Case No.   **09-38019-H1-13**
      **Laura L. Alexander**                                                          (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 6*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **11/10/2009**                                    Signature _____ **/s/ Jason L. Alexander**
                                       of Debtor        ***Jason L. Alexander***

Date  **11/10/2009**                                    Signature _____ **/s/ Laura L. Alexander**
                                       of Joint Debtor   ***Laura L. Alexander***
                                       (if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*